LAWRENCE BREWSTER
Regional Solicitor
DANIELLE L. JABERG (S.B. #256653)
Counsel for ERISA
LAURA C. BREMER (S.B. #162900)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone:  (415) 625-7757
Facsimile:  (415) 625-7772
Email:  bremer.laura@dol.gov

Attorneys for Plaintiff
United States Department of Labor

Myron F. Smith, #072722
Law Office of Myron F. Smith
4321 N. West Ave., Suite 105
Fresno, CA 93705
Telephone:  (559) 226-5400
Facsimile:  (559) 226-5108

Attorney for Defendants
Explore General, Inc., Jaime Gonzales, Paul K. Gong, Explore General, Inc. 401(k) Profit Sharing Plan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>EXPLORE GENERAL, INC., a California corporation; JAIME GONZALEZ, an individual; PAUL GONG, an individual; and, EXPLORE GENERAL, INC. 401(K) PROFIT SHARING PLAN, an employee benefit plan,<br><br>　　　　　Defendants. | Case No. 1:10-CV-01157-AWI-JLT<br><br>STIPULATION AND PROPOSED ORDER TO AMEND SCHEDULING ORDER |

1     IT IS HEREBY STIPULATED by and between the Plaintiff, Hilda L. Solis, Secretary of Labor (the "Secretary"), and Defendants Explore General, Inc. ("Explore General"), Jaime Gonzalez, Paul Gong, and Explore General, Inc. 401(k) Profit Sharing Plan, through their designated counsel that all dates for the above-captioned case set in the Scheduling Order dated December 15, 2010 shall be extended by two months, with the exception of the date for the Mid-Discovery Status Conference and the Deadline for service of Initial Disclosures.

    The parties believe that good cause exists for extending the dates set in the Scheduling Order.

    This case was filed by the Secretary alleging, inter alia, that Defendants Jaime Gonzalez, Paul Gong, and Explore General, Inc. ("Explore General") breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, by failing to collect and remit mandatory employer prevailing-wage contributions to the Explore General, Inc. 401(k) Profit Sharing Plan (the "Plan"), an employee benefit plan. (Declaration of Laura C. Bremer in Support of Stipulation and Proposed Order to Amend the Scheduling Order ("Bremer Decl.") ¶ 2.)

    On December 15, 2010, United States Magistrate Judge Jennifer L. Thurston entered a Scheduling Order in the above-captioned case, setting the deadlines for discovery and trial.

    On December 28 and 29, 2010, Department of Labor Investigator Donald Hawkey traveled to Fresno to conduct informal discovery. (Declaration of Donald Hawkey in Support of Stipulation and Proposed Order to Amend the Scheduling Order ("Hawkey Decl.") ¶ 6.) He met with the Defendants' attorney, Defendant Jaime Gonzalez and Explore General's bookkeeper. (*Id.*) They provided him with approximately fifteen boxes of documents, including payroll documents, bank records, documentation of participant payments, and documents that Explore General received from the Third Party Administrator of the Plan. (*Id.*)

    On January 14, 2011, the Secretary served her Initial Disclosures, along with over 25,000 pages of documents on the Defendants. (Bremer Decl. ¶ 5.) On March 11, 2011, Defendants served Initial Disclosures on the Secretary. (Bremer Decl. ¶ 9.)

    Shortly after receiving the payroll data from Explore General on December 28 and 29,

2011, Mr. Hawkey began to analyze the records received through the informal discovery conducted.  (Hawkey Decl. ¶ 8.)  As he reviewed the data, he determined that the payroll records were inconsistent with the amounts of mandatory employer prevailing-wage contributions that summaries Explore General had previously provided to the U.S. Department of Labor stated were owing to employees.  (*Id.*)  In addition, he determined that there were employees who were owed mandatory employer prevailing-wage contributions that were not previously identified by Explore General.  (*Id.*)

Based on the inconsistencies discovered and the fact that Explore General did not have paper copies of all the relevant payroll records, Explore General has agreed to provide electronic copies of its accounting data.  (Bremer Decl. ¶ 7.)  On March 10, 2011, counsel for the Secretary requested a copy of the software needed to review the electronic data and is awaiting its receipt.  (Bremer Decl. ¶ 8.)

In January 2011, Mr. Hawkey began inputting the amounts of mandatory prevailing-wage contributions withheld from each employee's paycheck each week from payroll records that are organized by job, rather than employee, to determine the amount of mandatory employer prevailing-wage contributions owed by Explore General to each individual employee.  (Hawkey Decl. ¶ 9.)  To date, he has reviewed 9,878 pages of the 25,445 pages of evidence.  (Hawkey Decl. ¶ 10.)

On March 11, 2011, the Secretary propounded written discovery which may yield further production requiring Mr. Hawkey's analysis.  (Bremer Decl. ¶ 10.)

Since December 28, 2010, Mr. Hawkey has spent 76.5 hours on the case, primarily analyzing the evidence.  (Hawkey Decl. ¶ 11.)  At his current rate of review, Mr. Hawkey anticipates completing his analysis by late May, at which time he will audit the spreadsheets to ensure their accuracy and determine the total amount due the Plan.  (*Id.*)  Once this amount is determined, the parties have agreed to engage in settlement negotiations.  (*Id.*)

The analysis described above needs to be completed prior to completing discovery in the case.  However, the discovery cut-off date is currently May 6, 2011.  At the Mid-Discovery Status Conference on March 8, 2011, Ms. Bremer explained the discovery and analysis that had

taken place and suggested moving the discovery cut-off dates.  (Bremer Decl. ¶ 7.)  The Honorable Jennifer L. Thurston advised that she did not see any room in the schedule that would permit moving only the discovery cut-off dates.  (*Id.*)  She suggested that counsel file a stipulation to extend all the dates in the case and indicated that she would speak to Judge Ishii about the good cause for doing so.  (*Id.*)

Therefore, the Parties Agree and Stipulate to Amend the Scheduling Order to extend the dates in the case by two months, as follows:

Pleading Amendment Deadline:  May 30, 2011

Non Expert Discovery:  July 5, 2011

Expert Discovery:  September 8, 2011

Filing of Non-Dispositive Motions:  September 16, 2011

Hearing on Non-Dispositive Motions:  October 14, 2011

Filing of Dispositive Motions:  October 19, 2011

Hearing on Dispositive Motions:  December 5, 2011

Pre-Trial Conference:  February 1, 2012, 2011 at 8:30 a.m., Courtroom 2

Trial:  March 28, 2011 at 8:30 a.m., Courtroom 2

Dated:  March 25, 2011　　　　　M. PATRICIA SMITH
　　　　　　　　　　　　　　　　Solicitor of Labor

　　　　　　　　　　　　　　　　LAWRENCE BREWSTER
　　　　　　　　　　　　　　　　Regional Solicitor

　　　　　　　　　　　　　　　　DANIELLE L. JABERG
　　　　　　　　　　　　　　　　Counsel for ERISA

　　　　　　　　　　　　　　　　By:  __/s/  Laura C. Bremer_____
　　　　　　　　　　　　　　　　　　LAURA C. BREMER
　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　United States Department of Labor

Dated:  March 25, 2011						LAW OFFICE OF MYRON F. SMITH

						By:  /s/ Myron F. Smith (as authorized on 3/25/11)
						MYRON F. SMITH
						Attorney for Defendants Explore General, Inc., Jaime Gonzalez, Paul Gong, and Explore General, Inc. 401(k) Profit Sharing Plan

## **ORDER**

**GOOD CAUSE APPEARING**, the Court **ORDERS** the Scheduling Order to be amended as follows:

| | |
|---|---|
| Pleading Amendment Deadline: | 5/30/11 |
| Non Expert Discovery: | 7/5/11 |
| Expert Discovery: | 9/8/11 |
| Filing of Non-Dispositive Motions: | 9/16/11 |
| Hearing on Non-Dispositive Motions: | 10/17/11 |
| Filing of Dispositive Motions: | 10/21/11 |
| Hearing on Dispositive Motions: | 12/5/11, 1:30 p.m., Courtroom 2 |
| Pre-Trial Conference: | 2/1/12, 8:30 a.m., Courtroom 2 |
| Trial: | 4/3/12, 8:30 a.m., Courtroom 2 |

IT IS SO ORDERED.

Dated:   **March 30, 2011**				     **/s/ Jennifer L. Thurston**
						UNITED STATES MAGISTRATE JUDGE