**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>EXPLORE GENERAL, INC., a California corporation; JAIME M. GONZALEZ, an individual; PAUL K. GONG, an individual; and EXPLORE GENERAL, INC. 401(K) PROFIT SHARING PLAN, an employee benefit plan,<br><br>Defendants. | 1:10-cv-01157-AWI-JLT<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT IN THE ALTERNATIVE**<br><br>(Docs. 26-34) |

**I. INTRODUCTION**

Plaintiff United States Department of Labor has filed a motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment or partial summary judgment in the alternative against defendants Explore General, Inc., Jaime M. Gonzalez and Paul K. Gong. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Accordingly, the Court grants the motion for summary judgment.

## II. FACTS AND PROCEDURAL BACKGROUND

On June 25, 2010, plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (hereinafter referred to as "Plaintiff") filed its complaint against defendants Explore General, Inc. ("Explore General"), Jaime M. Gonzalez ("Gonzalez"), Paul K. Gong ("Gong") and Explore General, Inc. 401(k) Profit Sharing Plan ("the Plan"), asserting one cause of action for violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.[1] In the complaint, Plaintiff alleges as follows:

> "4. The Explore General, Inc. 401(k) Profit Sharing Plan (the 'Plan' or '401(k) Plan') is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(e), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). [¶] 5. . . . Defendant Explore General, Inc. ('Explore General' or 'Company'), was and is the sponsor, Named Fiduciary, and Plan Administrator of the 401(k) Plan . . . . [¶] 6. . . . Defendant Jaime M. Gonzalez, was and is the President and owner of Explore General; exercised discretionary authority and control respecting the management and disposition of the 401(k) Plan and its assets; exercised discretionary authority and responsibility in the administration of the 401(k) Plan, was and is a fiduciary of the Plan . . . and was and is a party in interest to the Plan . . . . [¶] 7. On or about August 19, 2005, Mr. Gonzalez appointed Paul K. Gong the primary Plan administrator of the Plan. Mr. Gong was a vice President of Explore General until approximately December 2007, when he separated from the Company. After his appointment as primary Plan administrator, and until his separation from the Company, Mr. Gong exercised discretionary authority and control respecting the management and disposition of the 401(k) Plan and its assets, exercised discretionary authority and responsibility in the administration of the 401(k) Plan, was a fiduciary of the Plan . . . and was a party in interest to the Plan[.]"

Plaintiff further alleges:

> "16. During the period of January 1, 2002 through at least March 2005, Defendant Jaime Gonzalez and Explore General caused Explore General to withhold approximately $76,000 from employees' pay for salary reduction contributions to the 401(k) Plan, but failed to timely remit the amounts so withheld into the 401(k) Plan's account, and instead retained and commingled the withheld contributions with the company's accounts and used the amounts withheld for non-Plan purposes prior to remitting the contributions late. [¶] 17. The 401(k) Plan's governing Plan documents required that employee contributions be remitted to the Plan on the earliest date that they could reasonably be segregated from the assets of Explore General, the Employer, but no later than the fifteenth business day of the month following the month in which the Contributions would have been paid in cash to the participant.

---

[1] Plaintiff alleged that the 401(k) Plan was named as a defendant pursuant to Federal Rule of Civil Procedure 19(a) solely to ensure complete relief could be granted.

2

> Based on a review of the Employer's demonstrated pattern and practice, the employee contributions so withheld from the employees' pay could have reasonably been segregated from Explore General's assets within ten business days."

Plaintiff further alleges:

> "19. The 401(k) Plan's governing Plan documents required Explore General to make mandatory employer/prevailing-wage contributions to the Plan for employees working on projects covered by the schedule published by the U.S. Department of Labor and/or State Department of Labor indicating the minimum hourly wage and fringe benefits (including retirement benefits) required to be paid to employees working on jobs contracted by governmental entities. [¶] 20. As the Plan Administrator and the Named Fiduciary, Explore General had a duty to appoint a trustee of the Plan with the full discretion, responsibility and authority to collect and remit contributions owed to the Plan. [¶] 21. The Plan documents do not identify a Trustee. [¶] 22. On or about August 19, 2005, Jaime Gonzalez signed a letter requesting that the third party administrator of the Plan remove Yolanda Delgado as Trustee, and James Buffo as primary administrator. While the letter appointed Paul Gong as the primary plan administrator, it did not appoint a new Trustee. Upon information and belief, no new Trustee was appointed."

Plaintiff further alleges:

> "23. During the period from December 1, 2002 through at least March 2005, Defendants Explore General and Jaime Gonzalez, with pervasive control over the administration of the Plan and as a functional fiduciary thereto and as a co-fiduciary of the Plan, caused mandatory employer/prevailing-wage contributions in the amount of approximately $194,000 not to be timely collected as required by the Plan and by the contracts with governmental entities, and instead allowed the funds to be retained and commingled with Company assets and used for non-Plan purposes. Based on information provided by Explore General, approximately $114,000 in mandatory employer/prevailing-wage contributions remains uncollected."

Plaintiff further alleges:

> "24. The Plan required the mandatory employer/prevailing-wage contributions to be made to the Plan monthly, and to be made without regard to current or accumulated net income, earnings or profits of Explore General. A review of the Company's assets indicates that the Company had the ability to pay said employer/prevailing-wage contributions on or about the dates that they were due. Moreover, Explore General received payments, including payments for fringe benefits (including employer/prevailing wage contributions) from governmental entities for the work Explore General and its employees' [sic] performed on various projects pursuant to contracts. These payments from these governmental entities were greater than the amounts Explore General owed its employees for hourly wages and employer/prevailing-wage contributions owed pursuant on such projects."

Plaintiff further alleges:

> "27. Starting in at least August 19, 2005, Defendants failed to administer the Plan as required by ERISA, including failing to distribute to participants Summary Plan Descriptions, statements, and other documents required pursuant to ERISA §§ 101,

3

>    102, and 105, and failing to secure a fidelity bond as required by ERISA § 412. [¶] 28. Paul Gong signed a Board Resolution stating that Explore General would be terminating the 401(k) Plan effective August 15, 2006. [¶] 29. Paul Gong signed Amendment No. 2 to the Plan, dated August 22, 2006, as the Plan Administrator. Amendment No. 2 directed the Plan to distribute all Plan assets and terminate the Plan as promptly as possible. It also required the Plan Administrator to 'make reasonable efforts' to locate each participant entitled to a distribution of benefits. [¶] 30. Defendants failed to take sufficient steps to provide for the . . . termination of the Plan, including determining if participants received proper notice, how the funds were distributed, or taking reasonable efforts to locate lost participants."

On October 21, 2011, Plaintiff filed a motion for summary judgment or partial summary judgment pursuant to Federal Rule of Civil Procedure 56 against Explore General, Gonzalez and Gong. The defendants did not file a written opposition.

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see Fed. R. Civ. P. 56(c)(1)(A). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 387 (2010) (citing *Celotex, supra,* at p. 325). If the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538. A court ruling on a motion for summary judgment must construe all facts and inferences in the light

4

most favorable to the non-moving party. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the motion is unopposed, the movant is not absolved of the burden to show there are no genuine issues of material fact (*Henry v. Gill Industries, Inc.,* 983 F.2d 943, 949-50 (9th Cir. 1993)), although the court may assume the movant's assertions of fact to be undisputed for the purposes of the motion and grant summary judgment if the facts and other supporting materials show the movant is entitled to it. See Fed. R. Civ. P. 56(e)(2), (3).

## IV. DISCUSSION

*A. Overview of governing law* – The gravamen of Plaintiff's claim is the defendants breached their duties as fiduciaries under ERISA. "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal Courts.' 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). Under ERISA section 404(a), a fiduciary of an employee benefit plan must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – [¶] (A) for the exclusive purpose of [¶] (i) providing benefits to participants and their beneficiaries; and [¶] (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1). A fiduciary is also required to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims" and "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with" ERISA. 29 U.S.C. § 1104(a)(1)(B), (D). The duties of ERISA fiduciaries "are the 'highest known to law.' " *Howard v. Shay,* 100 F.3d 1484 (9th Cir. 1996) (quoting *Donovan v. Bierwirth,* 680 F.2d 263, 272 n. 8 (2d Cir. 1982)).

Section 409(a) of ERISA imposes liability for breach of fiduciary duty: "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a). Thus, to establish the defendants' liability for breach of fiduciary duty, Plaintiff must show that (1) the Plan was an employee benefit plan under ERISA; (2) the defendants were fiduciaries of the Plan; and (3) the defendants breached their duties under ERISA, resulting in losses to the Plan. A civil action for appropriate relief under section 409 may be brought, as here, by the Secretary of the Department of Labor. 29 U.S.C. § 1132(a)(2).

*1. The Plan was a covered plan* – Plans covered under ERISA include "employee pension benefit plans" and "pension plans," which are defined as "any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program – [¶] (i) provides retirement income to employees, or [¶] (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, [¶] regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan." 29 U.S.C. § 1002(2)(A). In the joint scheduling report filed December 8, 2010, the parties stipulated that the Court had jurisdiction over this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1). The stipulation notwithstanding, the evidence submitted in support of Plaintiff's motion for summary judgment shows the Plan was a defined contribution single-employer 401(k) profit sharing plan started by Gonzalez to provide retirement income and income deferral to Explore General employees, and was therefore an employee pension benefit plan covered by ERISA.

***2. Explore General, Gonzalez and Gong were fiduciaries to the Plan*** – ERISA fiduciaries are limited to "named fiduciaries" and "functional fiduciaries." *Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 18 (1st Cir. 1998). A named fiduciary is an individual "named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly." 29 U.S.C. § 1102(a)(2). A functional fiduciary is individual who "perform[s] at least one of several enumerated functions" under 29 U.S.C. § 1002(21)(A). *Beddall, supra,* at p. 18; see 29 U.S.C. § 1002(21)(A) ("[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan"). In the December 8, 2010 joint scheduling report, the parties stipulated that from 2000 to the present, Explore General and Gonzalez were functional fiduciaries pursuant to 29 U.S.C. § 1002(21)(A)(i) and (iii) and parties in interest pursuant to 29 U.S.C. § 1002(14)(A), and that Gong was a functional fiduciary pursuant to 29 U.S.C. § 1002(21)(A)(i) and (iii) and a party in interest pursuant to 29 U.S.C. § 1002(14)(A) and (H) from 2005 to 2007. The parties further stipulated Explore General was the sponsor, employer, named fiduciary and plan administrator and Gonzalez and Gong exercised discretionary control and authority over the management of the Plan and disposition of the Plan assets.

***B. ERISA violations*** – Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court first finds Explore General and Gonzalez failed to collect mandatory employer prevailing wage contributions and remit them to the Plan, thereby breaching their duty to act with care, skill, prudence and diligence and in accordance with the documents and

7

instruments governing the Plan in the management and disposition of Plan assets.

The evidence establishes Explore General contracted to do construction work on projects financed by government agencies between 2001 and 2009.  When it did work under government contracts, it was required to pay its employees an hourly prevailing wage rate comprised of a base rate and a fringe benefit rate.  Explore General received full payment for work from the agencies that included the fringe amounts, and from the inception of the Plan to March 4, 2005, Explore General withheld the fringe amounts from its employees' paychecks.  Under the Plan, Explore General was required to make a wage rate contribution to the Plan equal to the fringe benefit pension rate for each Plan participant working on a government project multiplied by each hour of service the employee performed since the last contribution date.  The Plan required those contributions to be made monthly, without regard to the current or accumulated net income, earnings or profits of Explore General.  Explore General and Gonzalez failed to remit those benefits to the Plan on behalf of the employees, despite the fact that (1) Explore General sent certified statements of compliance to the agencies indicating that the fringe benefit portion of the prevailing wage would be sent to a 401(k) plan and (2) Gonzalez, as the president, owner and sole shareholder of Explore General and the individual controlling Explore General's bank accounts, had decision-making authority over whether to collect the benefits and remit them to the Plan or force Explore General to do so.

Pursuant to ERISA, benefit plan assets "shall be held in trust" (29 U.S.C. § 1103(a)), "shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries" (*id*., § 1103(c)(1)).  Plaintiffs have not provided any Ninth Circuit authority establishing when unpaid fringe benefit contributions become plan assets, and ERISA does not expressly define the term "plan assets."  Department of Labor regulations, however, have defined plan assets to include "amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions can reasonably be segregated from the employer's general

assets." 29 C.F.R. § 2510.3-102(a). Other circuits have adopted similar definitions. See *U.S. v. Whiting,* 471 F.3d 792, 799 (7th Cir. 2006) ("The funds withdrawn from employee paychecks represent an amount of money paid to employees in compensation. Once the contributions are withheld, the money no longer belongs to the company; rather, the funds belong to the employees. Therefore, employees have a present interest in the funds"); *Kalda v. Sioux Valley Physician Partners, Inc.,* 481 F.3d 639, 647 (8th Cir. 2007) (same); *U.S. v. Grizzle,* 933 F.2d 943, 947 (11th Cir. 1991) ("[A]ssets of employee benefit plans subject to ERISA include employee contributions to benefit plans which are withheld from employees' paychecks and for deposit into their benefit plans, even though the contributions have not actually been delivered to the benefit plan"); *Bannistor v. Ullman,* 287 F.3d 394, 402 (5th Cir. 2002) (same). In the Court's view, under the foregoing approach, the unpaid fringe benefit contributions owed to Explore General employees became Plan assets as soon as they were due under the terms of the Plan. As noted above, those contributions were due on a monthly basis. Thus, Explore General's and Gonzalez's failure to make fringe benefit contributions to the Plan constituted a mismanagement of Plan assets.

The Court further finds Explore General and Gonzalez breached their fiduciary duties under ERISA by failing to remit employee contributions to the Plan in a timely manner. The evidence establishes Explore General employees could defer part of their compensation by making elective contributions to the Plan, which would be allocated to their individual plan accounts. If they elected to do so, the deferral amounts would be withheld directly from their paychecks. In 2002, Explore General began withholding employees' pay for elective deferral contributions. Department of Labor regulations provide that once an employer has withheld benefit plan contributions from employees' wages, those contributions become plan assets even before they are deposited into a plan. 29 C.F.R. § 2510.3-102(a). An employer must segregate employee contributions from the employer's general assets within a certain amount of time. See 29 C.F.R. § 2510.3-102(b). The regulations provide in pertinent part: "[W]ith respect to an employee pension benefit plan as defined in section 3(2) of ERISA, in no event shall the date [on which contributions can reasonably be segregated from the

9

employer's general assets] occur later than the 15th business day of the month following the month in which the participant contribution amounts are received from the employer (in the case of amounts that a participant or beneficiary pays to an employer) or the 15th business day of the month following the month in which such amounts would otherwise have been payable to the participant in cash (in the case of amounts withheld by an employer from a participant's wages)." 29 C.F.R. § 2510.3-102(b)(1). Explore General did not remit all withheld amounts in accordance with this regulatory time period, and was generally untimely in depositing elective contributions into the Plan, sometimes by years. Although Explore General had deposited all elective contributions into the Plan by mid-2005, for all contributions deposited late, Explore General never remitted lost earnings in addition to the principal amounts. Nor did it pay lost earnings to its employees when it made individual 401(k) payouts. Furthermore, Gonzalez did not forward 401(k) contributions to the Plan.

The Court further finds Explore General, Gonzalez and Gong breached their fiduciary duties under ERISA by failing to properly administer the Plan. As Plan fiduciaries, they were required to obtain a fidelity bond for the Plan. 29 U.S.C. § 1112 ("Every fiduciary of an employee benefit plan and every person who handles funds or other property of such a plan . . . shall be bonded as provided in this section"); *see* 29 C.F.R. §§ 2550.412-1, 2580.412-1. They did not. As Plan administrators, Explore General and Gong were required to provide each Plan participant with a summary plan description. 29 U.S.C. §§ 1021(a)(1), 1022(a), 1024(b); see 29 C.F.R. § 2520.102-2. Beginning in 2005, they failed to furnish summary plan descriptions. When the defendants decided to terminate the Plan in 2006, they did not determine whether Plan participants had received proper notice of the termination. *See* 29 U.S.C. § 1344; see also *Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064, 1073 ("[W]hile there is no express statutory requirement to notify participants in a timely fashion of plan cancellation, such a requirement is implicit in the structure and purpose of ERISA, and is more vital than the ordinary technical reporting and disclosure requirements. Employees are entitled to know if they have or do not have an ERISA plan. Failure to so advise employees violates the obligation of a fiduciary to discharge his duties in the interest of the participants"). Nor did the defendants

10

attempt to locate Plan participants who were no longer employed with Explore General but were still owed a benefit. Gong also did not ensure that Explore General calculated fringe amounts owed to its employees or that any amounts owed to employees were paid.

Accordingly, the Court finds Plaintiff has met its initial burden on summary judgment. Because the defendants have not filed a written opposition, they have failed to raise genuine issues of material fact. In light of the foregoing, the Court concludes as follows:

1. Explore General and Gonzalez violated 29 U.S.C. §§ 1103(a) (benefit plan assets to be held in trust); 1103(c)(1) (assets of plan not to inure to benefit of employer); and 1104(a)(1)(A) and (B) (fiduciary shall discharge duties with respect to a plan solely in the interest of the participants);

2. Gonzalez violated 29 U.S.C. § 1105(2) (liability for enabling breach of co-fiduciary by failing to comply with fiduciary duties under § 1104(a)(1)); and

3. Gong violated 29 U.S.C. § 1104(a)(1)(A) and (B) (fiduciary shall discharge duties with respect to a plan solely in the interest of the participants).

*C. Remedies* – As noted above, fiduciaries who breach their obligations under ERISA "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . ." 29 U.S.C. § 1109(a). In the December 8, 2010 joint scheduling order, the parties stipulated that Explore General and Gonzalez are jointly and severally liable for (1) the amount of fringe benefits they failed to collect and remit to the Plan and (2) the lost opportunity income on the fringe benefits and elective deferral contributions they untimely collected and/or failed to collect and remit to the Plan. Plaintiff has provided expert testimony and calculations showing the Plan incurred losses of $319,158.39 in uncollected fringe benefits and $200,442.75 in lost 401(k) earnings stemming from employee contributions that were never remitted to the Plan, for a total loss of $519,601.14. Accordingly, the Court finds Explore General and Gonzalez jointly and severally liable for remitting $519,601.14 to the Plan.

Plaintiff further requests that the Court appoint an independent fiduciary with discretionary authority over the administration and management of the Plan to oversee Plan transactions for a period of ten years, with costs and fees to be paid by Gonzalez. Plaintiff may seek equitable relief under sections 409(a) and 502(a)(5) of ERISA for the defendants' violations. 29 U.S.C. §§ 1109(a), 1132(a)(5); see *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds there is good cause to appoint an independent fiduciary, but that the costs and fees required to administer the Plan should be awarded from Plan assets.

Lastly, Plaintiff requests the Court remove Explore General as fiduciary of the Plan and issue a permanent injunction enjoining Explore General, Gonzalez and Gong from serving as fiduciaries of, or service providers to, any ERISA-covered employee benefit plan. In the December 8, 2010 joint scheduling report, the parties stipulated that Plaintiff is entitled to such equitable relief. Accordingly, the Court finds Plaintiff is entitled to the relief requested.

## V. DISPOSITION

Based on the foregoing, the motion of plaintiff United States Department of Labor for summary judgment is GRANTED. The Court directs Plaintiff to prepare and submit a proposed judgment consistent with this order for the Court's approval no later than January 17, 2012.

IT IS SO ORDERED.

Dated:    December 22, 2011                                    _____
                                                                CHIEF UNITED STATES DISTRICT JUDGE