MARY K. ALEJANDRO
Acting Regional Solicitor
DANIELLE L. JABERG (S.B. #256653)
Counsel for ERISA
LAURA C. BREMER (S.B. #162900)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone:  (415) 625-7757
Facsimile:  (415) 625-7772
Email:  bremer.laura@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>vs.<br><br>EXPLORE GENERAL, INC., a California corporation; JAIME M. GONZALEZ, an individual; PAUL K. GONG, an individual; and, EXPLORE GENERAL, INC. 401(K) PROFIT SHARING PLAN, an employee benefit plan,<br><br>Defendants. | Case No. 1:10-cv-01157-AWI-SKO<br><br>JUDGMENT |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary") filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 against defendants Explore General, Inc. ("Explore General"), Jaime M. Gonzalez ("Gonzalez"), and Paul K. Gong ("Gong").  After reviewing the pleadings of record and all competent and admissible evidence submitted, the Court found that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Accordingly, on December 22, 2012, the Court rendered a decision, Order Re: Motion for Summary Judgment or Partial Summary Judgment in the Alternative, granting the Secretary's motion for summary

judgment. In accordance with that Order,

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Defendants Explore General and Gonzales are jointly and severally liable to restore $519,601.14 in losses to the Explore General, Inc. 401(k) Plan (the "Plan") arising from and caused by their breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and judgment is hereby entered against them in that amount.

2. All payments in satisfaction of the Judgment shall be made payable to the Explore General, Inc. 401(k) Plan and shall be remitted to the custodian Principal Life Insurance Group at 711 High Street, Des Moines, IA 50392. If, for any reason, the custodian does not deposit such payments, within 15 business days, Defendants Gonzalez and Explore General must establish a segregated trust account with title in the name of the Plan, and must deposit such payments to the Plan in the trust account. Within 15 business days after an Independent Fiduciary is appointed, as set forth below, Defendants Gonzalez and Explore General shall transfer all funds in the Plan's trust account to the Independent Fiduciary. Any further payments in satisfaction of the Judgment shall be made in accordance with the Independent Fiduciary's instructions.

3. Defendants Explore General, Gonzalez and Gong are permanently enjoined from serving as fiduciaries of, or service providers to, any ERISA-covered employee benefit plan.

4. Upon appointment of an Independent Fiduciary, as set forth below, Defendant Explore General is removed as a fiduciary of the Plan.

5. An independent fiduciary with discretionary authority over the administration and management of the Plan, with all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA shall be appointed ("Independent Fiduciary"). The Independent Fiduciary shall be designated upon later motion by the Secretary and order of this Court. Such motion shall be filed on or before March 19, 2012.

6. The Independent Fiduciary shall have the following duties and responsibilities:

  a. The Independent Fiduciary shall collect, marshal, allocate, distribute and otherwise pay out all of the assets of the Plan (in all Plan accounts, including forfeiture and suspense accounts) and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries;

  b. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

  c. The Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the Defendants, their attorneys, their accountants, and other agents, as well as service providers of the Plan; and,

  d. The Independent Fiduciary shall comply with all applicable rules and laws.

 7. Following the designation of the Independent Fiduciary by this Court, the Independent Fiduciary shall be required to present to the Court and the Secretary an itemized application for the payment of fees and expenses on a quarterly basis ("Fee Application") and upon termination of the Plan.

  a. The Fee Application shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses.

  b. The Secretary requests that the Fee Application shall be deemed approved, unless the Secretary specifically objects to the Fee Application within fifteen business days.  In the event the Secretary objects to the Fee Application, the Secretary requests that the Court decide whether the Independent Fiduciary's application should be granted.

  c. Once approved, the Fee Application shall be paid from the assets of the Plan.

 8. Costs are awarded to Plaintiff.

 9. Interest shall accrue on the $519,601.14 awarded at the rate set forth 28 U.S.C.

§ 1961(a) from the date this Court enters this Judgment until such time as all losses with applicable interest are restored to the Plan.

10. Nothing in this Judgment affects the ability of the Secretary of Labor to assess a mandatory civil penalty against the Defendants in an amount equal to twenty percent of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).

11. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

IT IS SO ORDERED.

Dated: ___January 20, 2012___   _____
                                CHIEF UNITED STATES DISTRICT JUDGE