JANET M. HEROLD
Regional Solicitor
DANIELLE L. JABERG (S.B. #256653)
Counsel for ERISA
LAURA C. BREMER (S.B. #162900)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772
Email: bremer.laura@dol.gov

Attorneys for Plaintiff
United States Department of Labor

FILED
SEP 0 5 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>EXPLORE GENERAL, INC., a California corporation; JAIME M. GONZALEZ, an individual; PAUL K. GONG, an individual; and, EXPLORE GENERAL, INC. 401(K) PROFIT SHARING PLAN, an employee benefit plan,<br><br>Defendants. | Case No. 1:10-cv-01157-AWI-SKO<br><br>STIPULATED AMENDED JUDGMENT |

Following this Court's order on December 22, 2011, granting summary judgment to the Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), the Court entered judgment on January 23, 2012, which ordered and adjudged, *inter alia*, that Defendants Explore General and Jaime M. Gonzalez ("Gonzalez") were "jointly and severally liable to restore $519,601.14 in losses to the Explore General, Inc. 401(k) Plan (the "Plan") arising from and caused by their breaches of fiduciary duty under the Employee

STIPULATED AMENDED JUDGMENT        1

1  Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq." (the
2  "Judgment").

3  On April 27, 2012, Gonzalez filed for Chapter 7 bankruptcy protection in the United
4  States Bankruptcy Court for the Eastern District of California. In the bankruptcy proceeding,
5  the Secretary filed a claim for the amount of the Judgment and filed an adversary complaint
6  alleging that the entire Judgment was non-dischargeable through bankruptcy pursuant to 11
7  U.S.C. § 523(a)(4). Following an order granting the Secretary's motion for summary judgment
8  on his adversary complaint, the bankruptcy court entered judgment against Gonzalez in favor of
9  the Secretary on February 5, 2013, ordering that the Judgment for $519,601.14 in losses to the
10 Explore General, Inc. 401(k) Plan, plus interest was non-dischargeable through bankruptcy
11 under 11 U.S.C. § 523(a)(4). Gonzalez appealed the bankruptcy judgment to the Ninth Circuit
12 Bankruptcy Appeal Panel. Upon notification to the Ninth Circuit Bankruptcy Appeal Panel that
13 the parties had reached a settlement, the case was remanded to this Bankruptcy Court, where the
14 parties submitted a Consent Order and Judgment to resolve the Secretary's adversary complaint
15 in the bankruptcy court. The Consent Order and Judgment provides that $250,000 of the
16 Judgment entered against Gonzalez, together with interest at the rate prescribed by 28 U.S.C. §
17 1961 from the date of the entry of the Judgment, January 23, 2012, is a non-dischargeable debt
18 through bankruptcy. Further, in the Consent Order and Judgment Gonzalez and the Secretary
19 agreed to a payment plan for the $250,000, plus interest, of the Judgment and accordingly seek
20 an amendment of the Judgment entered by this Court on January 23, 2012 as follows:

21  The parties agree that this Stipulated Amended Judgment shall amend certain terms of the
22 Judgment entered on January 23, 2012, and further agree to the entry of this Stipulated
23 Judgment.

24  The Secretary and the Debtor expressly waive Findings of Fact and Conclusions of Law.

STIPULATED AMENDED JUDGMENT   2

1  **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the following
2  paragraphs shall replace the paragraphs of the same number in the Judgment entered on January
3  23, 2012 (and that all paragraphs of the Judgment entered on January 23, 2012 that are not
4  replaced as set forth below shall remain in full effect):

5      1. All payments in satisfaction of the Judgment shall be made payable to the Explore
6  General, Inc. 401(k) Plan and shall be paid to the Independent Fiduciary, GTrust Financial
7  Partners, 900 S. Kansas Avenue, Topeka, KS 66612. Payments shall be made via automatic
8  Automated Clearing House ("ACH") deduction from an account specified by Gonzalez.
9  Gonzalez shall cooperate with the Independent Fiduciary to establish such automatic payments.
10 The $250,000, together with interest at the rate prescribed by 28 U.S.C. § 1961, is non-
11 dischargeable through bankruptcy pursuant to 11 U.S.C. §523(a)(4). The total amount due and
12 to be paid by Gonzalez, including interest at the rate of 0.11% through the end of the payment
13 schedule, is $271,983.67 (two hundred seventy-one thousand nine hundred eighty-three dollars
14 and sixty-seven cents) and shall be paid according to the following:

15         a. On or before September 15, 2013, Gonzalez shall remit $4,000 (four
16         thousand dollars) to the Independent Fiduciary;
17         b. Gonzalez shall remit the remaining $267,983.67 over the subsequent
18         ninety-five (95) consecutive month period; and
19         c. After the initial payment, Gonzalez shall make consecutive payments of
20         $2,862.99 (two thousand eight hundred and sixty-two dollars and ninety-nine
21         cents) on a monthly basis via automatic ACH deductions, on the or before the
22         fifteenth day of each month beginning on October 15, 2013.

23     2. GTrust Financial Partners, 900 S. Kansas Avenue, Topeka, KS 66612, is hereby
24 appointed the Independent Fiduciary with discretionary authority over the administration and
25 management of the Plan, with all the rights, duties, discretion, and responsibilities of a trustee,
26 fiduciary, and Plan Administrator under ERISA ("Independent Fiduciary"). The Independent
27 Fiduciary shall obtain a bond in conformance with the requirements of ERISA § 412, 29 U.S.C.
28 § 1112. The expenses and fees charged by the Independent Fiduciary shall not exceed $1,250.00

STIPULATED AMENDED JUDGMENT         3

1  (one thousand two hundred fifty dollars) per year, as agreed upon by the Independent Fiduciary
2  and the Secretary of Labor.

3      3.    The Independent Fiduciary shall comply with the following reporting
4  requirements to the Court and the Secretary:

5          a.    The Independent Fiduciary shall file with the Court and with the
6  Secretary an Annual Report Form 5500 beginning the year in which this
7  Judgment is entered and continuing through the year in which the final
8  distribution under this Judgment is made and the Plan is terminated;

9          b.    The Independent Fiduciary shall also file annually with the Court
10  and with the Secretary a supplemental report ("Distribution and Fee Report") that
11  describes in detail the methodology for and the amounts of all distributions from
12  the account to participants and beneficiaries of the Plan, and that itemizes any fees
13  charged by the Independent Fiduciary to the account, including but not limited to
14  hourly rates of pay, dates and hours of work, a description of the work performed,
15  and that itemizes any expenses charged to the account;

16          c.    The Distribution and Fee Report shall be deemed approved unless
17  the Secretary specifically objects, within fifteen business days, to any distribution
18  or objects to any fee or expense charged;

19          b.    Within thirty (30) days of any problems or delinquency in the
20  collection of payments from Gonzalez, the Independent Fiduciary shall provide
21  written notice to the Court and the Secretary; and,

22          d.    The Independent Fiduciary shall not be required to file Annual
23  Form 5500 Reports on behalf of the Plan for any period prior to his or her
24  appointment.

25  **IT IS FURTHER HEREBY ORDERED, ADJUDGED, and DECREED** that the
26  following paragraphs shall be added to the Judgment:

27      12.    It is **ORDERED** that, in the event of a default by Gonzalez, the payment
28  schedule set forth in paragraph 3 shall no longer apply. Instead, the entire amount of the

STIPULATED AMENDED JUDGMENT        4

1  Judgment of $519,601.14 plus interest at the rate prescribed by 28 U.S.C. § 1961 from
2  the date of the entry of the Judgment shall be owed immediately by Gonzalez. A default
3  occurs if any payment owed by Gonzalez is more than forty-five (45) days late. The
4  amount owed by the Gonzalez in the event of a default shall be reduced by any prior
5  payments made by Gonzalez in partial satisfaction of the Judgment.

6      13.    During the pendency of the payment plan provided under this Stipulated
7  Amended Judgment, Gonzalez shall provide to the Secretary of Labor, on a yearly basis,
8  his personal federal and state tax returns. If those returns show an increased ability to
9  pay the Judgment, the Secretary may, upon application to this Court, adjust the amount
10  due monthly in order to satisfy the Judgment more quickly.

11      14.    The Court finds that the payment plan described in this Stipulated
12  Amended Judgment, to the extent that any of its payment transactions violates ERISA §
13  406(a), 29 U.S.C. § 1106(a), satisfies the provisions of Prohibited Transaction Class
14  Exemption 2003-39, 68 Fed. Reg. 75632 (2003).

15      15.    All participant accounts in the Plan shall be deemed fully vested as of the
16  date of this Stipulated Amended Judgment.

17      16.    The Plan shall be deemed fully qualified under the Internal Revenue Code
18  and under ERISA for the purposes of distributing the restored losses plus interest at the
19  rate prescribed by 28 U.S.C. § 1961 to be paid by Gonzalez under the terms of this
20  Stipulated Amended Judgment.

21      17. Whenever a submission is required to be made to Secretary under the terms
22  of this Stipulated Amended Judgment, such submission shall be made to:

STIPULATED AMENDED JUDGMENT        5

Regional Director
U.S. Department of Labor
Employee Benefits Security Administration
90 Seventh Street, Suite 11-300
San Francisco, California 94103-1516
Telephone number: (415) 625-2481
Facsimile number: (415) 625-2450

18. Gonzalez expressly waives any and all claims of any nature which he has or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

19. Nothing in this Stipulated Amended Judgment affects the ability of the Secretary of Labor to assess a mandatory civil penalty against Defendant Jaime Gonzalez in an amount equal to twenty percent of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), or affects the ability of the Secretary of Labor to assess and collect any penalty under ERISA § 502(c)(2), 29 U.S.C. § 1132(c)(2), through administrative and judicial proceedings.

20. This Stipulated Amended Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Stipulated Amended Judgment.

**IT IS SO ORDERED.**

Dated: 9-5-13

United States District Court Judge

STIPULATED AMENDED JUDGMENT                     6

Entry of this Stipulated Amended Judgment is hereby consented to:

Dated: 8-7-13

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA


By: /s/ Laura C. Bremer
LAURA C. BREMER
Trial Attorney

Attorneys for Plaintiff
United States Department of Labor

Dated: 8-7-13

/s/ David R. J.
DAVID JENKINS
Attorney for Defendant Jaime Gonzalez

Dated: Aug 7th, 2013

/s/
Defendant JAIME GONZALEZ

STIPULATED AMENDED JUDGMENT                  7